IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**DRAFT SHERIFF CLARKE LLC**
1050 Connecticut Avenue N.W.
Washington, D.C. 20036

    *Plaintiff,*

v.

**UNITED STATES DEPARTMENT OF JUSTICE**
950 Pennsylvania Avenue N.W.
Washington, D.C. 20530

and

**PAMELA JO BONDI**
*in her official capacity as Attorney General of the United States*
950 Pennsylvania Avenue N.W.
Washington, D.C. 20530

    *Defendants.*

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## I. INTRODUCTION

1. This is a pre-enforcement challenge to an unprecedented and unconstitutional legal theory of fraud. Plaintiff Draft Sheriff Clarke LLC, a political action committee, seeks to engage in core political speech: encouraging a citizen to run for public office. It faces a credible threat of federal prosecution not for any statement it intends to make, but for an *omission* the Department of Justice (DOJ) has recently treated as a crime. Plaintiff seeks a declaration under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, that its proposed fundraising solicitation is

protected by the First Amendment and does not become criminal fraud merely because it omits a disclaimer about the potential candidate's prior statements.

2. The threat Plaintiff faces is neither speculative nor distant. The DOJ recently prosecuted another political actor, Jack Daly, for distributing materially identical political solicitations. In that case, the DOJ advanced the novel theory that omitting the candidate's prior public statement that he was not running for office rendered the solicitation a criminal fraud. The government charged Mr. Daly with conspiracy to defraud the United States on this basis alone.

3. Draft Sheriff Clarke LLC intends to distribute its own solicitation to build grassroots support for a potential candidacy of former Sheriff David Clarke. The proposed language, like that in the *Daly* case, is aspirational and forward-looking. Critically, it does not include a disclaimer republishing Sheriff Clarke's past statements declining to run for office, as such a disclaimer would fundamentally undermine the purpose of the "draft" message.

4. Under the DOJ's theory of prosecution in *Daly*, Plaintiff faces a credible threat of prosecution for engaging in this classic form of political speech. This Court's intervention is necessary to declare that such speech is protected by the First Amendment and does not violate federal law.

5. Plaintiff seeks a declaration that its proposed solicitation—attached as Exhibit A—is protected political speech and that its dissemination, without a disclaimer regarding the draftee's prior public statements, is lawful. A judicial

declaration is required to vindicate Plaintiff's constitutional rights and prevent the DOJ from using the threat of prosecution to chill protected political advocacy.

## II. JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the First and Fifth Amendments to the United States Constitution.

7. This Court has authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202 and Rule 57 of the Federal Rules of Civil Procedure, and to grant injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure.

8. Venue is proper in this District under 28 U.S.C. § 1391(e)(1) because Plaintiff resides in this District, a defendant is an agency of the United States headquartered in this District, and a substantial part of the events or omissions giving rise to the claim occurred here.

## III. THE PARTIES

9. Plaintiff Draft Sheriff Clarke LLC is a limited liability company organized under the laws of the District of Columbia. It functions as an independent, non-connected political action committee whose purpose is to encourage former Milwaukee County Sheriff David Clarke to run for federal office by building public enthusiasm and support through constitutionally protected political advocacy.

10. Plaintiff intends to circulate political fundraising solicitations that express optimism about a potential Clarke candidacy and invite the public to support that effort.

11. Defendant United States Department of Justice (DOJ) is an executive department of the United States. The DOJ is responsible for enforcing federal criminal statutes, including 18 U.S.C. § 371, and has advanced the legal theory in the *Daly* prosecution that now threatens to chill Plaintiff's protected political speech.

12. Defendant Pamela Jo Bondi is the Attorney General of the United States and the head of the DOJ. She is sued in her official capacity. Attorney General Bondi is responsible for the supervision, interpretation, and enforcement of federal criminal law, including the application of 18 U.S.C. § 371 that Plaintiff challenges in this action.

## IV. FACTUAL ALLEGATIONS

### A. Plaintiff's Protected Political Speech

13. Plaintiff has prepared a political fundraising solicitation it intends to disseminate to the public. The solicitation's purpose is to build grassroots enthusiasm for a potential federal candidacy of former Sheriff David Clarke and to raise funds for that effort.

14. The proposed solicitation, attached as *Exhibit A*, contains forward-looking and aspirational statements typical of "draft" movements, including the core conditional statement: "Sheriff Clarke will run—if we can show him that he has strong grassroots support behind him."

15. This messaging is, by design, persuasive and optimistic. As part of this strategy, the solicitation intentionally does not include a "draftee disavowal"

disclaimer—that is, it does not reference or republish Sheriff Clarke's prior public statements in which he declined to run for federal office.

16. Including such a disclaimer would dilute and contradict the solicitation's core political message. The purpose of a draft movement is to build a compelling case for a potential candidacy, not to amplify any perceived reluctance or neutrality on the part of the draftee. Forcing Plaintiff to include the disclaimer would sabotage its own advocacy.

**B. The DOJ's Novel Fraud Theory and the *Daly* Prosecution**

17. The basis for Plaintiff's fear of prosecution is the DOJ's recent criminal case, *United States v. Jack Daly*, No. 2:23-cr-78-JPS (E.D. Wis. 2023). In that case, the DOJ prosecuted an individual involved with a different Draft Clarke PAC for conduct materially identical to that which Plaintiff now proposes.

18. The *Daly* prosecution was based on solicitations that used aspirational language (e.g., Clarke "will run") while omitting Clarke's prior statements that he was not a candidate. The DOJ charged Mr. Daly under 18 U.S.C. § 371, alleging that this omission transformed otherwise protected political speech into a criminal conspiracy to defraud donors.

19. The DOJ's theory of criminality in *Daly* was focused squarely on the omission. The government argued that failing to include a disclaimer about Clarke's statements, when combined with forward-looking advocacy, was a materially misleading act intended to defraud the public.

**C. The Credible Threat of Prosecution**

20. Plaintiff's proposed solicitation is substantively indistinguishable from the communications the DOJ prosecuted in *Daly*. It uses the same type of aspirational language and omits the same type of disclaimer.

21. No federal statute, regulation, or Federal Election Commission (FEC) guidance requires a draft PAC to include a disclaimer regarding a potential candidate's past statements. The DOJ's theory in *Daly* appears to be a novel invention, unmoored from any existing law.

22. The DOJ has not disavowed the legal theory it advanced in the *Daly* prosecution. It has issued no guidance clarifying the scope of this theory or assuring political actors that similar speech will not be prosecuted in the future.

23. As a result, Plaintiff has a reasonable and credible fear that if it disseminates its planned solicitation, it will be subjected to a criminal investigation and prosecution. This threat has chilled Plaintiff's protected speech and forced it to delay its political advocacy.

### COUNT I: VIOLATION OF THE FIRST AMENDMENT
### (Unconstitutional Regulation of Speech and Compelled Speech)

24. Plaintiff incorporates by reference the allegations in paragraphs 1 through 23 as if fully set forth herein.

25. Plaintiff's proposed solicitation is core political speech entitled to the highest level of protection under the First Amendment. *See Buckley v. Valeo*, 424 U.S. 1, 14 (1976).

26.     The solicitation contains no false statements of fact. Its language is aspirational, and constitutes rhetorical hyperbole meant to galvanize support—all of which are protected forms of speech.

27.     The DOJ's legal theory, as demonstrated in the *Daly* prosecution, seeks to predicate criminal liability on Plaintiff's omission of a disclaimer. This effectively imposes a content-based requirement on political speech: to engage in "draft" advocacy, a speaker must include a government-preferred message that contradicts and undermines their own.

28.     This constitutes a classic form of compelled speech, which is presumptively unconstitutional. The First Amendment protects both the right to speak and "the right to refrain from speaking at all." *Wooley v. Maynard*, 430 U.S. 705, 714 (1977). Forcing a private speaker to broadcast a message they disagree with is a severe burden on free speech. *See Riley v. Nat'l Fed'n of the Blind*, 487 U.S. 781, 796-97 (1988).

29.     Because the DOJ's theory of prosecution is based on the content of Plaintiff's speech (i.e., the presence of aspirational language combined with the absence of a disclaimer), it is a content-based regulation that is subject to, and cannot survive, strict scrutiny. The government has no compelling interest in forcing a political committee to sabotage its own protected advocacy.

30.     The credible threat of prosecution under this unconstitutional theory has chilled Plaintiff's protected speech and inhibited its ability to carry out its political mission.

31. Plaintiff is therefore entitled to a declaration that its proposed solicitation is protected by the First Amendment and that its dissemination without a disclaimer regarding the draftee's prior statements does not violate 18 U.S.C. § 371 or any other federal statute.

**COUNT II: VIOLATION OF THE FIFTH AMENDMENT**
**(Due Process – Lack of Fair Notice)**

32. Plaintiff incorporates by reference the allegations in paragraphs 1 through 31 as if fully set forth herein.

33. The Due Process Clause of the Fifth Amendment requires that criminal statutes provide a person of ordinary intelligence with fair notice of what conduct is prohibited. *See United States v. Lanier*, 520 U.S. 259, 265 (1997). A statute is unconstitutionally vague if it fails to provide such notice.

34. No statute, regulation, or judicial decision provides fair warning that omitting a disclaimer of the type at issue here from a political solicitation could be prosecuted as criminal fraud. Plaintiff's proposed conduct does not violate any clear statutory or regulatory rule.

35. The DOJ's theory in the *Daly* case represents a novel and unforeseeable expansion of 18 U.S.C. § 371. It creates a crime by implication, punishing political actors for failing to anticipate a new, unwritten legal duty to include specific disclaimers in their speech.

36. A reasonable person in Plaintiff's position would not know that its proposed solicitation could be considered criminal. The absence of any clear line between

lawful, aspirational political speech and criminal fraud renders the DOJ's application of § 371 unconstitutionally vague as applied to Plaintiff's conduct.

37. The DOJ's current posture thus violates the Fifth Amendment by threatening prosecution without affording Plaintiff fair notice of what the law commands.

38. Plaintiff is entitled to a declaration that applying 18 U.S.C. § 371 to its proposed solicitation under these circumstances violates the Due Process Clause.

## V, PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in its favor and grant the following relief:

39. A declaration that Plaintiff's proposed political solicitation (Exhibit A) is political speech protected by the First Amendment;

40. A declaration that the omission of a disclaimer referencing a potential candidate's prior public statements does not render Plaintiff's proposed solicitation fraudulent or unlawful under 18 U.S.C. § 371 or any related statute;

41. A declaration that applying federal criminal fraud statutes to Plaintiff's proposed solicitation, absent a clear legal requirement to include such a disclaimer, violates the Due Process Clause of the Fifth Amendment;

42. Preliminary and permanent injunctive relief enjoining Defendants, their officers, agents, and employees from initiating or pursuing any enforcement action against Plaintiff based on the dissemination of its proposed solicitation;

43. An award of costs and reasonable attorneys' fees pursuant to 28 U.S.C. § 2412 and any other applicable law; and

44. Any such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/Brandon Sample
Brandon Sample
Criminal Center LLC
1701 Pennsylvania Ave N.W. # 200
Washington, DC 20006
Tel: 202-990-2500
Fax: 202-990-2600
E-mail: brandon@brandonsample.com
Bar ID: TX0144

# EXHIBIT A

**Subject: It's Showtime.**

Dear Patriot,

I'm writing to you today for one simple reason: America is running out of fighters.

Every day, we see our country's bedrock values—law and order, individual liberty, and basic common sense—under assault from a political establishment that has lost its way. The professional politicians in Washington, D.C. compromise, retreat, and apologize. They lack the courage to speak the truth.

But one man has never backed down. One man has consistently stood for the rule of law and stared down the mob. That man is Sheriff David Clarke.

For years, Sheriff Clarke has been more than a lawman; he has been America's Sheriff. He is a national voice for sanity, a leader who isn't afraid to call out the radical left, and a patriot who understands that our rights come from God, not the government.

His voice is too important to be on the sidelines. His leadership is needed now more than ever.

That is why a national movement is building to draft Sheriff David Clarke to run for the United States Senate.

Sheriff Clarke will run—if we can show him that he has strong grassroots support behind him. He has always answered the call of duty, but first, he needs to see that We, the People, have his back. Our mission is to build that tidal wave of support and prove to him that America is ready for his leadership in the Senate.

This is our chance to send a message to the political elites. This is our chance to recruit a true fighter to the halls of Congress.

That's why I am asking you to join the Draft Clarke movement today. Your contribution is more than a donation; it is a vote of confidence. It is proof that a powerful, nationwide movement is ready to stand with him.

Your support will help us launch a massive public awareness campaign to demonstrate the overwhelming demand for his leadership. Here is what your contribution can do:

- **A gift of $1,000** can help us place a powerful TV ad in a key media market, showcasing Sheriff Clarke's record of courage and conviction.

- **A gift of $500 or $250** can help fund critical advertisements on influential conservative media, spreading the "Draft Clarke" message to millions.
- **A gift of $100 or $50** can help us mobilize thousands of patriots online and build the digital infrastructure for a national campaign.

He left his post as Sheriff, giving him the opportunity to fight on a national stage. That fight is more critical than ever. Now, it's showtime.

We cannot let this opportunity pass. We must show Sheriff Clarke that America is ready for him to step into the arena and fight for our nation's future. He has fought for us for decades; now it is our turn to fight for him.

Please, stand with us today. Rush your most generous contribution to the Draft Sheriff Clarke effort and send a clear message: Sheriff Clarke, we have your back. Run.

For Freedom,

The Team at Draft Sheriff Clarke LLC